FILED

NOT FOR PUBLICATION

FEB 17 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEON RICHARD DIRKS, an individual, | No. 09-55883 |
| Plaintiff - Appellee, | D.C. No. 2:08-cv-05214-ODW-CT |
| v. | |
| ROBERT MARTINEZ, individual and official capacity; PABLO PARTIDA, individual and official capacity; JAMES DURAN, individual and official capacity, | MEMORANDUM[*] |
| Defendants - Appellants, | |
| and | |
| COUNTY OF LOS ANGELES, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted December 9, 2010
Pasadena, California

Before: NOONAN, BERZON, and CALLAHAN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Three Los Angeles sheriffs, Robert Martinez ("Martinez"), Pablo Partida ("Partida") (jointly, the "deputies"), and James Duran ("Duran"), appeal the district court's denial of their summary judgment motion. The sheriffs argue that, contrary to the finding below, they are entitled to qualified immunity on plaintiff Deon Dirks' ("Dirks") 42 U.S.C. § 1983 claims of false arrest, malicious prosecution, and conspiracy.

The deputies argue that they are entitled to qualified immunity on Dirks' false arrest claim because they had probable cause to arrest Dirks for (1) committing a moving violation, or (2) for obstructing a peace officer, pursuant to California Penal Code § 148.

With regard to the moving violation argument, in the district court, the defendants did not allege that they had probable cause to arrest Dirks for committing a traffic violation. Therefore, the factual record on this point is not sufficiently developed for us to entertain the argument now. *See Bolker v. Commissioner*, 760 F.2d 1039, 1042 (9th Cir. 1985).

Turning to § 148, the district court correctly noted that there exists at this time only a "murky record" with regard to whether the deputies could have reasonably believed they had probable cause to arrest Dirks for obstructing them. The outcome of that claim will depend upon a jury unraveling currently

"unresolved credibility determinations." Accordingly, we affirm the district court's ruling that the deputies are not entitled to qualified immunity on Dirks' false arrest claim.

Dirks makes malicious prosecution claims against the deputies and against Duran, based on different factual allegations. As to the claim against the deputies, the district court noted that there remain material, factual disputes underlying Dirks' malicious prosecution claim against Martinez and Partida. A jury will have to determine whether they wrongfully caused charges to be filed against Dirks, knowing that there was no probable cause, by making false allegations against him and creating false police reports. *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). Further, the district court was correct in finding that the deputies failed to show that the termination of the criminal case against Dirks was anything other than a favorable dismissal on the merits. We affirm the district court's denial of summary judgment for the deputies on the malicious prosecution claim.

Dirks' only ground for claiming malicious prosecution against Duran, however, is that Duran withheld information regarding a flower vendor who denied witnessing the incident. Failure to provide information about the flower vendor is insufficient to support a malicious prosecution claim, as the vendor had nothing

exculpatory to say. Accordingly, we reverse the district court's ruling on the malicious prosecution claim against Duran.

With regard to his conspiracy claim, Dirks points to several acts by the deputies from which a jury could infer, based on circumstantial evidence, that they had agreed to violate his constitutional rights. *See Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999). We affirm the district court's ruling that the deputies are not entitled to qualified immunity on Dirks' conspiracy claim.

**AFFIRMED in part, and REVERSED in part.**

*Dirks v. Martinez*, No. 09-55883

CALLAHAN, Circuit Judge, concurring in part and dissenting in part:

I concur that Duran is entitled to summary judgment on Dirks' malicious prosecution claim. However, I dissent from the remainder of the majority's disposition holding that the deputies are not entitled to summary judgment on the claims against them.

As to Dirks' false arrest claim, the deputies are entitled to qualified immunity on both grounds raised on appeal. First, Dirks admitted that Martinez and Partida pulled him over after observing him commit a moving violation. Based on the violation, the deputies had probable cause to arrest Dirks. *Atwater v. Lago Vista*, 532 U.S. 318, 354 (2001). This probable cause supports Dirks' arrest, even if the deputies intended to arrest Dirks for resisting, delaying, or obstructing an officer under California Penal Code § 148. *Devenpeck v. Alford*, 543 U.S. 146, 153-55 (2004). Given that Dirks admitted the violation, and the deputies' entitlement to immunity will otherwise be lost, we should exercise our discretion to consider this basis for immunity for the first time on appeal. *See Cmty. House, Inc. v. City of Boise*, 623 F.3d 945, 968 (9th Cir. 2010) (considering an immunity

1

argument not raised in district court).[1]

Second, under Dirks' own version of the disputed facts, it appears that he purposely did not produce his license, delayed getting out of his car, and resisted handcuffing by pulling his arm away. These facts establish probable cause to arrest Dirks under § 148, or at least establish that a reasonable officer could have believed probable cause existed. Thus, the deputies are entitled to immunity on this alternative basis. *Fuller*, 950 F.2d at 1443.

The deputies are also entitled to summary judgment on Dirks' malicious prosecution claim because the dismissal of the underlying criminal case was not a favorable determination on the merits. *See Eells v. Rosenblum*, 43 Cal. Rptr. 2d 323, 326 (Cal. App. 1995) ("[i]f the resolution of the underlying litigation leaves some doubt as to the defendant's innocence or liability, it is *not* a favorable termination, and bars that party from bringing a malicious prosecution action")

---

[1] Dirks' admission indicates that he committed a moving violation or, at least, was pulled over for what the deputies perceived to be a violation. If the latter, the undisputed evidence of Dirks' driving supports the deputies' reasonable belief that a violation occurred and, thus, they are entitled to immunity. *See Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1443 (9th Cir. 1991). In either event, surely Dirks would not have admitted to a fact that was so apparently against his interest if he had a basis to dispute it—even if he thought it was immaterial to the specific immunity argument raised in the motion for summary judgment. Our consideration of the issue for the first time on appeal would not, therefore, unduly prejudice Dirks.

2

(internal quotation and alteration marks omitted); *cf. Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004) (noting that dismissal of criminal charges in the interest of justice under Cal. Penal Code § 1385 is favorable only if it reflects the court's or prosecution's opinion that the action lacked merit).

Based on the foregoing, the deputies are entitled to summary judgment on Dirks' claim that they conspired to falsely arrest and maliciously prosecute him.

Thus, I would reverse the denial of summary judgment on all claims.

3